UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CABRERA-TRILLO,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, et. al.,<br><br>                              Respondents. | Case No.: 3:25-cv-02865-CAB-MSB<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

Before the Court is Miguel Cabrera-Trillo's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] For the following reasons, the Court **DISMISSES** the Petition and **ORDERS** the case closed.

The Court's previous order on Petitioner's request for a temporary restraining order ("TRO") details Petitioner's immigration history, which the Court will not repeat here. [Doc. No. 11.] On November 18, 2025, the Court granted Petitioner's TRO under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because Petitioner had spent almost two years in immigration detention since he received a final order of removal in 1997. [Doc. No. 9-1 at ¶¶ 5–8.] After Petitioner's release, Respondents notified Petitioner of the intent to remove him to Mexico and requested that he report to Immigrations and Customs Enforcement ("ICE") on December 8, 2025 for removal proceedings. [*See* Doc. No. 13 at 3; Doc. No. 18 at 1.]

The Court held a hearing on the Petition on December 2, 2025. The Court deferred a decision until the parties submitted a status update after December 8, 2025, when the Petitioner was ordered to report to ICE for removal. On December 11, 2025, Respondents notified the Court that "Petitioner failed to report as required on December 8, 2025." [Doc. No. 18 at 1.]

The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The writ is available to non-citizens detained within the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is *in custody* in violation of the Constitution or law or treats of the United States[.]" 28 U.S.C. § 2241(c)(3) (emphasis added). Given Petitioner is no longer in custody, the Court **DISMISSES** the Petition and **ORDERS** the Clerk of Court to close the case.

It is **SO ORDERED.**

Dated: December 12, 2025

Hon. Cathy Ann Bencivengo
United States District Judge